IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RONALD SATISH EMRIT,** | |
| **Plaintiff,** | |
| v. | Case No. 3:23-CV-3351-NJR |
| **GRAMMY AWARDS ON CBS** d/b/a Recording Academy/National Academy of Recording Arts and Sciences (NARAS), | |
| **Defendant.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion for Leave to Proceed *in forma pauperis* ("IFP") filed by Plaintiff Ronald Satish Emrit. (Doc. 4). On October 10, 2023, Emrit filed a complaint against Defendant Grammy Awards on CBS ("Grammys"), doing business as Recording Academy/National Academy of Recording Arts and Sciences (NARAS). (Doc. 3). Emrit now moves to proceed without prepayment of the required filing fees.

Under 28 U.S.C. § 1915(a)(1), an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed *in forma pauperis*; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–

40 (1948). Here, the Court is satisfied from Emrit's affidavit that he is indigent. (Doc. 4) He has an income of only $980 per month from disability payments, and his monthly expenses total $800. (*Id*.). He also owns no assets and has only $2 in a bank account. (*Id*.). Accordingly, the Court finds that Emrit is indigent under 28 U.S.C. § 1915(a)(1).

But that does not end the inquiry. Under Section 1915(e)(2), the Court must then screen the indigent plaintiff's complaint and dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of the motion to proceed IFP requires the undersigned to review the allegations of the complaint.

In reviewing the complaint, the undersigned is aware that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case

to present a story that holds together." *Id.* at 404.

Here, Emrit's complaint alleges racial discrimination under Title VII against the Grammys. (Doc. 3 at p. 2). Emrit claims that Robert Accatino ended Emrit's membership in the Grammys in 2010. (*Id.* at p. 5). Emrit "recently" contacted the Grammys seeking to be reinstated and to bring his Ukrainian girlfriend to the Grammy Awards, but his request apparently was denied. (*Id.*). Emrit also explains that he is an independent recording artist and was a 2016 and 2020 U.S. presidential candidate. (*Id.*). Emrit claims that he is being discriminated against as a Black or African American man, and that if he were White, then his Grammys membership would have been reinstated. (*Id.*). As relief, Emrit requests $45 million in punitive, compensatory, and treble damages. (*Id.* at p. 1).

"Title VII prohibits employers from discriminating against their employees on the basis of race, color, religion, sex, or national origin." *Lewis v. Indiana Wesleyan Univ.*, 36 F.4th 755, 759 (7th Cir. 2022) (citing 42 U.S.C. § 2000e-2(a)). To succeed on a Title VII discrimination claim, an employee must plead and prove (1) that he is a member of a protected class, (2) that he suffered an adverse employment action, and (3) causation. *Id.* (citing *Abrego v. Wilkie*, 907 F.3d 1004, 1012 (7th Cir. 2018)). "Because the statute protects only employees," the plaintiff must also demonstrate that he is employed by the defendant. *Levitin v. Nw. Cmty. Hosp.*, 923 F.3d 499, 501 (7th Cir. 2019). Observing that Title VII does not meaningfully define "employee," the Seventh Circuit has instructed courts to examine factors including:

> (1) the extent of the employer's control and supervision over the worker, including directions on scheduling and performance of work; (2) the kind of occupation and nature of skill required, including whether skills are

>obtained in the workplace; (3) responsibility for the costs of operation, such as equipment, supplies, fees, licenses, workplace, and maintenance of operations; (4) method and form of payment and benefits; and (5) length of job commitment and/or expectations.

*Id.* (quoting *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 380 (7th Cir. 1991)).

Here, Emrit has alleged race discrimination under Title VII based on Defendant's refusal to allow him to rejoin the Grammy Awards. However, he does not allege an employer-employee relationship, that the Grammy Awards has any control or supervision over him or his work, that he has received any payment or benefits from the Grammy Awards, or any other facts that would permit this Court to find that Emrit is an employee of Defendant. Because Emrit has not plausibly alleged an employer-employee relationship, he has not stated a claim for race discrimination under Title VII.

For these reasons, the Complaint filed by Plaintiff Ronald Satish Emrit (Doc. 3) is **DISMISSED without prejudice** for failure to state a claim. Emrit may file an amended complaint that cures the defects stated above on or before **January 8, 2024**. Failure to do so will result in the dismissal of this action with prejudice.

**IT IS SO ORDERED.**

DATED:  December 11, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**